# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DERICK PETERSEN, on behalf of X.P.** | **21 CV    8683** |
| *Plaintiff* | **COMPLAINT FOR A VIOLATION OF CIVIL RIGHTS** |
| v - | |
| **THE LANG SCHOOL;** | CASE NO. |
| **NEW YORK CITY DEPARTMENT OF EDUCATION;** | JURY TRIAL: YES |
| **NY STATE EDUCATION DEPARTMENT;** | |
| **AND ALL OTHER KNOWN AND UNKNOWN CO-CONSPIRATORS** | |
| *Defendants* | |

**The Parties to This Complaint**

The Plaintiff

DERICK PETERSEN

PO BOX 340855

BROOKLYN NY 11234

On behalf of X.P.


The Defendant(s)

THE LANG SCHOOL

26 BROADWAY

SUITE 900

NEW YOR, NY 10004


NY STATE EDUCATION DEPARTMENT

89 WASHINGTON AVENUE

ALBANY NY 12234


NEW YORK CITY DEPARTMENT OF EDUCATION

52 CHAMBERS STREET

NEW YORK, NEW YORK 10007

## Basis for jurisdiction

This court has federal question jurisdiction pursuant to 28 U.S.C § 1331, 29 U.S.C. § 794, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.Plaintiff brings the suit under Title VI of the Civil Rights Act of 1964 *et seq.*

Venue is proper in this district under 28 U.S.C. § 1391 as Plaintiff and/or Defendant is subject to personal jurisdiction in this state. Plaintiff and/or Defendant lives within the jurisdiction of this Court. Besides, a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York and arose from the actions or inactions of the Defendants. This prose litigant makes claim to any, every, and all constitutional protections and respectfully request Court to construe this complaint in any manner justified to bring this matter to justice.

## Statement of Claim

1. On June 7, 2018 – plaintiff X.P.'s mom attended an open house at the Lang School.

2. On June 29, 2018 – plaintiff's mom received email from Micaela Bracamonte offering a meeting to discuss enrollment

3. On July 16, 2018 - Micaela Bracamonte emailed requesting a phone conversation to discuss further about enrolling X.P..

4. On July 20, 2018 - Rachel Moylen emailed that we should fill out the application and that X.P. could potentially be a good fit

5. On July 23, 2018 - application and accompanying paperwork sent to Lang.

6. ON August 1, 2018 – X.P. goes in to Lang for mock classes.

7. On August 18, 2018 - enrollment agreement emailed, X.P. accepted to The Lang School, conners grant pending.

8. The Lang School didn't give Plaintiff an opportunity to opt out of the parental directory

9. On or about August 30th Plaintiff was sent an email that Contained an attachment named "Family Contact List 18-19, Updated 8_30.pdf" in email was a  list of the name address and phone numbers for the parents of Lang students.

10. On September 12, 2018 –Plaintiff X.P. attends 1st day of school.

11. On October 19, 2018 - Micaela Bracamonte sent pictures of the children to the parents of the class. X.P. was excluded from these photos.

12. On October 20, 2018 – Mom of X.P. received a photo of X.P. alone from Micaela Bracamonte in class with no other parents copied on email. Micaela stated she couldn't fit it in Friday's email and sent it to me special without copying the rest of the class.

13. On October 23, 2018 – X.P. was upset and walked ahead of her class with her teacher keeping pace with her. The two other teachers walked with the remaining 9 students. Plaintiff X.P.'s mom received an email from her main teacher, Joe Sonenshein explaining what happened and that she had left the classroom two other times that day (which is actually allowed at the school). I

called back and Mr. Sonenshein said that, "this is what this type of school is for and we will continue to work with her to handle her emotions."

14. On October 23, 2018 - Thirty minutes later we received a call from Micaela Bracamonte stating she held a meeting with the staff and decided X.P. was being "expelled for elopement".

15. The Lang School was pressured by unknown person(s) to remove Plaintiff Minor Child from the school because of Minor child's parent's criminal history.

16. X.P. was expelled illegally.

17. On October 24, 2018 – X.P. sent a video to the school apologizing.

18. The school removed family from the group email.

19. Plaintiff's educational attorney began calling to try to keep X.P. in The Lang School by way of a meeting with all parties concerned. We were informed that the expulsion was final and that X.P. would not be invited back to Lang but they are willing to meet with us to discuss their decision.

20. The Plaintiff declined.

21. Plaintiff X.P. cried for days after being expelled from The Lang School. She couldn't understand why she was expelled. Parents couldn't explain to X.P. what happened because they also didn't understand.

22. On or about October 26th Plaintiff received an anonymous call. Caller who is presumed to be male by the sound of the voice stated "Your daughter got kicked out because you're a jailbird, dirt bag" and abruptly hung up.

23. Plaintiff X.P. enrolled in her local public school where she missed mandated services due to being illegally expelled.

24. X.P. began referring to herself as a bad girl to anyone who would listen because of the incident.

25. X.P. was also bullied at new public school due to her disabilities.

26. Plaintiff X.P. has been negatively affected by The Lang School's intentionally, reckless behavior.

27. The Lang school outrageously expelled Plaintiff X.P. because of her parent Derick Petersen that has a nonviolent criminal record.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### DISCRIMINATION AND HARASSMENT

(Title VI of the Civil Rights Act of 1964)

The conduct made against the Plaintiff by the Defendant, The Lang School, as set forth above, constitutes discrimination.

X.P. is of a protected class.

This claim is brought pursuant to 42 U.S. Code § 1981(c), and 1983, et seq.

### SECOND CAUSE OF ACTION

### ACTION FOR NEGLECT TO PREVENT

#### (Title VI of the Civil Rights Act of 1964)

The conduct of the Defendant(S), as set forth above, constitutes neglect to prevent                    disability discrimination in The Lang School.

The Lang School should have had protections to protect the Plaintiff's daughter

from such discrimination.

This claim is brought pursuant to 42 U.S. Code § 1986.


### THIRD CAUSE OF ACTION

### DISCRIMINATION AND HARASSMENT

#### (New York Education Law §12)

The conduct of the Defendant, as set forth above, constitutes discrimination based

On X.P.'s disability.

This claim is brought pursuant to New York Education Law §12(1).


### FOURTH CAUSE OF ACTION

### POLICIES AND GUIDELINES

#### (New York Education Law §13)

The conduct of the Defendants, as set forth above, constitutes a violation of the requirements under the aforementioned law.

The Lang School failed to enact and/or follow up on policies meant to curb and

prevent disability discrimination.

This claim is brought pursuant to New York Education Law §13(1).

7

## FIFTH CAUSE OF ACTION

### POLICIES AND GUIDELINES

### (FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT)

The conduct of The Lang School, as set forth above, constitutes a violation of the requirements under the aforementioned law.

The Lang School failed to enact or follow up on policy meant to protect privacy.

This claim is brought pursuant to FERPA 20 U.S.C. § 1232g: 34 CFR Part 99

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

The conduct of the Defendant, The Lang School, as set forth above, constitutes a violation of the requirements under the aforementioned law.

The Lang school caused actual harm to plaintiff X.P..

This claim is brought pursuant to US CODE 28 U.S.C., Chapter 171

## SEVENTH CAUSE OF ACTION

**Obligation of Good Faith**

(Uniform Commercial Code)

The conduct of the Defendant, The Lang School, as set forth above, constitutes a violation of the aforementioned rules.

This claim is brought pursuant to U.C.C. § 1-304.

## EIGHT CAUSE OF ACTION

(IDEA, 20 U.S.C. § 1400 ET SEQ.)

**Against NEW YORK STATE EDUCATION DEPARTMENT**

The conduct of the Defendant, as set forth above has denied X.P.'s rights

New York State Education Department is NY's SEA under the IDEA, therefore responsible for ensuring that IDEA requirements are met throughout the state.

New York State Education Department has denied FAPE to X.P. in violation of IDEA, 20 U.S.C. § 1400 et seq.

## NINTH CAUSE OF ACTION

(IDEA, 20 U.S.C. § 1400 ET SEQ.)

Against New York City DEPARTMENT OF EDUCATION

9

The conduct of the Defendant, as set forth above has denied X.P. FAPE, violation of IDEA, 20 U.S.C. § 1400 ET SEQ.

By failing to investigate if Plaintiff X.P.'s impermissible expulsion.

By failing to take steps necessary to ensure that X.P. was receiving the special education and services mandated by her IEP.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff is entitled to damages from the Defendants, and he hereby prays that judgment be entered in his favor and against the Defendants as follows:

Plaintiff prays that this Honorable Court construe the above mentioned facts in light most favorable to this Federally protected class of persons appearing In Propria Persona.

Plaintiff seeks the following remedies:

That the Court orders damages for the subjection of the Plaintiff's daughter to such intentional discrimination and distress for the amount of 3 Million dollars $3,000,000.00.

That the Court orders the Defendants to effect a working policy and/or mechanism to prevent disability discrimination, and to protect disabled students at the Lang School.

That the Court orders the co-conspirators that enacted the plot never be allowed to hold such positions to prevent future discriminatory conduct against other minors.

That the Court issues any other order that this institution deems just.

# CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## For Parties without an Attorney

I agree to provide the Clerk's office with any change to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Signed.   X _____

SWORN UNDER PENALTY OF PERJURY

Printed name.   DERICK PETERSEN

THE STATE OF NEW YORK

COUNTY OF kings

On the ____ day of OCTOBER in the year 2021 before me, the undersigned, personally appeared DERICK PETERSEN personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public Signature
Print  RADICA R. JAIKARAN

Title or Office:  NOTARY PUBLIC

My commission expires: 06|10|2022

RADICA JAIKARAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. No. 01JA6075477
Qualified in Kings County
Commission Expires   June 10, 20 22

DATE OF FILING:  10/22/2021

SIGNATURE of PLAINTIFF: X _____

PRINTED NAME:  DERICK PETERSEN