UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
DERICK PETERSEN, *on behalf of X.P.*, :
:
                Plaintiff, :
: 21 Civ. 8683 (JPC)
      -v- :
: ORDER
THE LANG SCHOOL, *et al.*, :
:
                Defendants. :
:
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On October 22, 2021, *pro se* Plaintiff sued Defendants on behalf of his daughter after she was expelled from The Lang School in New York City. Dkt. 1. On October 27, 2021, the Court directed Plaintiff that it would dismiss the case without prejudice if by November 10, 2021, he did not "(1) amend his Complaint to bring claims on his own behalf, not his daughter's, or (2) obtain counsel to represent his daughter and notify the Court that he has obtained counsel." Dkt. 3. That is because "[i]t is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (quotations omitted).

      Plaintiff disregarded that order. The Court then ordered that "[b]y December 13, 2021, Plaintiff must comply with the October 27, 2021, order, or the Court will dismiss the case without prejudice without further warning." Dkt. 10. On December 6, 2021, Plaintiff asked for an extension of time to comply with the Court's orders by either obtaining counsel or amending the Complaint. *See* Dkt. 12. The Court granted that request and ordered Plaintiff to comply with this Court's previous orders by January 14, 2022. *See* Dkt. 14. Yet Plaintiff neither amended the Complaint nor obtained counsel by that date.

So on January 20, 2022, the Court gave "Plaintiff one last chance to comply with the previous orders." Dkt. 18.  The Court ordered Plaintiff by "February 20, 2022, . . . [to] (1) amend his Complaint to bring claims on his own behalf, not his daughter's, or (2) obtain counsel to represent his daughter and notify the Court that he has obtained counsel." *Id.*  The Court explained that "[a]bsent a showing of good cause, the Court w[ould] dismiss the case without prejudice if Plaintiff does not comply with th[e] order." *Id.*  Plaintiff has still neither amended the Complaint nor obtained counsel.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  First, Plaintiff has ignored four of this Court's orders over many months.  *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case against *pro se* plaintiff under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court

2

orders over the course of several months and was put on notice that failure to comply could result in dismissal"). Second, those orders warned Plaintiff that failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 3, 10, 14, 18. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court continued to grant Plaintiff additional chances to comply with the Court's orders as a less drastic sanction than dismissal. After disregarding four orders, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case and mail a copy of this order to the *pro se* Plaintiff.

SO ORDERED.

Dated: February 22, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge